IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Leonard Wydra and
Nancy Wydra

    Plaintiffs       : Case No. 3:15-CV-1513

v.

Ibrahim Bah and       : (Judge Richard P. Conaboy)
Bangla Car & Limo Service, Inc.

    Defendants

FILED
SCRANTON
JAN 2 2 2016
PER _____
DEPUTY CLERK

**Memorandum**

Pending before the Court is Defendant Ibrahim Bah's Partial Motion to Dismiss (Doc. 13) pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure. That motion seeks to strike a prayer for punitive damages in the ad damnum clause of the complaint filed by Plaintiffs Leonard Wydra and Nancy Wydra. The motion has been briefed (Docs. 13 and 16) by the parties and is now ripe for disposition. For the reasons that follow, the motion will be denied.

I. **Background.**[1]

This matter arises from an automobile accident that occurred in Monroe County, Pennsylvania on August 18, 2013. On that date, Plaintiffs and Defendant were in motor vehicles moving in opposite

---

[1] The "facts" in this section are derived from the allegations of Plaintiff's complaint which, in the context of a Rule 12 (b)(6) motion must be accepted as true. Morse v. Lower Meriom School District, 132 F.3d 902, 906 (3d. Cir. 1997).

1

directions on Pennsylvania Route 209 when Defendant's vehicle crossed the center line and struck the Plaintiffs' vehicle. Defendant had pulled out to pass a slower moving vehicle (a 2010 Subaru Outback) in Defendant's lane of travel and was unable to complete that maneuver before colliding with the Plaintiffs' vehicle in the lane properly occupied by Plaintiffs. Plaintiffs each suffered multiple physical and emotional injuries in the collision. The Pennsylvania State Police reported that the prime cause of the accident was an act of careless passing and/or lane change by Defendant Bah. Plaintiffs allege that Defendant Bah's unsuccessful attempt to pass the 2010 Subaru Outback constituted behavior that was not only negligent, but also reckless.

## II. Discussion.

### A. Motion to Dismiss Standard.

A party may move to dismiss a claim or claims set forth in a plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim under which relief can be granted." The purpose of a motion to dismiss is to test the legal sufficiency of the complaint. Sturm v. Clark, 835 F.2d 1009, 1011 (3d. Cir. 1987). The Defendant bears the burden of showing that no claim has been presented. See e.g., Hedges v. United States, 404 F.3d 744, 750 (3d. Cir. 2005)(citation omitted).

The Third Circuit Court of Appeals has articulated the appropriate standard applicable to a motion to dismiss in light of

2

the United States Supreme Court's decisions in Bell Atlantic Corporation v. Twombly, 550 U.S. 433 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009):

> "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id at 1950.

McTernen v. City York, 577 F.3d 521, 530 (3d. Cir. 2009). The Third Circuit Court discussed the effects of Twombly and Iqbal in detail and provided a roadmap for district courts presented with a motion to dismiss for failure to state a claim in a case filed only one week before McTernen, Fowler v. UPMC Shadyside, 578 F.3d 203 (3d. Cir. 2009). That case states:

> District Courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S.Ct. at 1949]. Second, a District Court must then determine whether the

3

> facts alleged in the complaint are sufficient to show that the Plaintiff has a "plausible claim for relief." Id at 1950. In other words, a complaint must do more than allege a Plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d. Cir. 2008). As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged - - but it has not shown that the pleader is entitled to relief." Iqbal, 129 S.Ct. At 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 201-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the Court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" Guirguis v. Movers Specialty Services, Inc., No. 09-1104, 2009 WL 3041992 at 2(3d. Cir. September 24, 2009) (not precedential)(quoting Twombly, 550

4

U.S. at 555).

**B.     Reckless Conduct.**

Pennsylvania has adopted the Restatement of Torts (Second) formulation for punitive damages based upon recklessness. See Martin V. Johns-Manville Corp., 494 A.2d 1088, 1096 (Pa. 1985). That formulation states:

> Punitive damages may be awarded for conduct that is outrageous, because of the Defendant's evil motive or <u>his reckless indifference to the rights of others</u>. (emphasis supplied.)

See Section 908 (2), Restatement of Torts (Second).

Here the Plaintiffs allege in Paragraphs 18 and 19 of their complaint numerous predicates from which one could plausibly conclude that Defendant Bah acted with "reckless indifference to the rights of others", notably the Plaintiffs, in risking the ill-fated venture into Plaintiffs' lane that resulted in the accident in question. The conduct Plaintiffs' have alleged on the part of Defendant Bah is certainly conduct which a jury could construe to be "reckless" under the Pennsylvania case law referenced above.

While the Court recognizes that there may be a reasonable explanation from which jurors may ultimately conclude that Defendant's conduct, while negligent, did not constitute recklessness, it is premature at this time, before discovery has been conducted, to conclude that Plaintiffs cannot make the

5

requisite showing to sustain their burden on this point. As this matter unfolds the Defendant may at some point have information that can credibly support a summary judgment motion on the issue of recklessness. The Court will observe that the determination when a negligent act becomes a reckless one is normally a factual question for a jury. At any rate, the Court is satisfied that Plaintiffs have articulated a plausible cause of action, as envisioned in Fowler, supra, for recklessness on Defendant's part. Accordingly, Defendant's motion to dismiss (Doc. 13) must be denied. An Order consistent with this determination will be filed contemporaneously.

BY THE COURT

_____
Honorable Richard P. Conaboy
United States District Court

Dated: _____1, 4 v, 14_____